**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | |
|---|---|
| In the Matter of the Complaint of ) <br> MARQUETTE TRANSPORTATION ) <br> COMPANY, LLC, Owner of the Motor Vessel ) <br> WISCONSIN, Official No. 568371, for ) <br> Exoneration from or Limitation of Liability, ) <br> ) <br> Plaintiff. ) | Case No. 5:25-CV-160-BJB <br><br> In Admiralty |

**VERIFIED COMPLAINT FOR EXONERATION FROM**
**OR LIMITATION OF LIABILITY**

Limitation Plaintiff, MARQUETTE TRANSPORTATION COMPANY, LLC ("MARQUETTE"), owner of the Motor Vessel WISCONSIN ("M/V WISCONSIN"), by its attorneys, Ryan Hahn of Miller Hahn, PLLC, for its Complaint seeking exoneration from or limitation of liability, states as follows:

1. This is an admiralty action for exoneration from or limitation of liability, brought pursuant to 46 U.S.C. § 30501 *et seq*. (The Limitation of Liability Act). This Court has jurisdiction pursuant to 28 U.S.C. § 1333 and this is a case of admiralty and maritime jurisdiction, as is more fully set forth herein, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure ("Supplemental Admiralty Rule F").

3. Venue in this district is proper pursuant to the provisions of 28 U.S.C. § 1391(a)(2) and Supplemental Admiralty Rule F, because the M/V WISCONSIN was located within the United

States District Court for the Western District of Kentucky, and within this Division, at the time of filing this Complaint.

4. MARQUETTE is a Delaware Limited Liability Company with its principal place of business located in Paducah, McCracken County, Kentucky, and at all times relevant hereto was the owner of the M/V WISCONSIN.

5. The M/V WISCONSIN, Official No. 568371, is a 1975 self-propelled towing vessel of steel construction, 146 feet in length and 841 gross tons. At all relevant times, the M/V WISCONSIN operated on the navigable waters of the United States, including the Illinois River in or near Morris, Grundy County, Illinois, which is a navigable water of the United States.

6. Prior to and at the commencement of the voyage involved herein, MARQUETTE used due diligence to make the M/V WISCONSIN in all respects seaworthy, and the M/V WISCONSIN was, at all times mentioned herein, tight, staunch and strong, efficiently and properly officered, manned, equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

7. On or about September 14, 2025, at approximately 6:30 p.m., the M/V WISCONSIN was headed downstream on the Illinois River at or near Mile 263, near the city of Morris, Grundy County, Illinois, and was pushing a tow of eleven barges.

8. On or about said date, time and location, as the M/V WISCONSIN and her tow were making their way downstream, a jet ski was underway on the Illinois River in the path of the M/V WISCONSIN and her tow at or near William G. Stratton State Park in Morris, Illinois.

9. On or about said date, time and location, the captain and senior mate of the M/V WISCONSIN occupied the wheelhouse of the M/V WISCONSIN and were acting as lookouts.

10. On or about said date, time and location, the captain sounded the whistle of the M/V WISCONSIN to warn pleasure craft in the area of the Motor Vessel's approach, as the M/V WISCONSIN and her tow approached William G. Stratton State Park.

11. As the M/V WISCONSIN and her tow approached, the jet ski operated by an adult individual and occupied by a minor child, capsized; the adult individual went under the tow of the of the M/V WISCONSIN ("the Incident").

12. The adult individual sustained injuries as a result of the Incident.

13. The Incident and any alleged injuries, damages, and losses resulting from it occurred without the fault, privity and/or knowledge, design and/or neglect of MARQUETTE, the owner of the M/V WISCONSIN, and any alleged injuries, damages, and losses were not caused by any fault, negligence, neglect, design, or lack of due care on the part of MARQUETTE, or anyone for whom MARQUETTE is or may be responsible, or by any failure of MARQUETTE to exercise due diligence to make the M/V WISCONSIN seaworthy, but rather, said alleged injuries, damages, and losses resulted solely from the negligence, misconduct and fault of other persons for whom MARQUETTE was not responsible.

14. MARQUETTE is not liable to any person for any injuries, damages, or losses done, occasioned, incurred or resulting by reason of the Incident, and MARQUETTE claims exoneration from liability for all such injuries, damages and losses.

15. Alternatively, and without admitting, but rather affirmatively denying any liability, should any liability be found against MARQUETTE, MARQUETTE is entitled to, and claims the benefit of, limitation of liability as provided by 46 U.S.C. §§ 30501-30512, and all acts amendatory thereof and supplemental thereto, with respect to any and all claims which may be made and proven.

16. At the time of the Incident on September 14, 2025, the M/V WISCONSIN had an appraised fair market value of Five Million Five Hundred Fifty-Six Thousand One Hundred Twenty-Nine Dollars and No Cents ($5,556,129.00), and that is believed to be the value of the M/V WISCONSIN after the Incident. See Exhibit A, Declaration of Value. The M/V WISCONSIN was not lost, damaged or abandoned as a result of the Incident and remains in the possession of MARQUETTE.

17. At the time of the Incident on September 14, 2025, the M/V WISCONSIN had freight due and pending on the voyage in the amount of Forty-Four Thousand Two Hundred and Seven Dollars and No Cents ($44,207.00). See Exhibit B, Declaration of Freight Pending.

18. Based upon the above, the entire aggregate value of the M/V WISCONSIN including freight then pending after the Incident was Five Million Six Hundred Thousand Three Hundred Thirty-Six Dollars and No Cents ($5,600,336.00).

19. There have been no demands asserted against MARQUETTE and/or the M/V WISCONSIN as a result of the Incident. The M/V WISCONSIN has not been attached or arrested and there are no actions or proceedings pending against MARQUETTE and/or the M/V WISCONSIN as a result of the Incident.

20. Marquette has not received written notice of any claim; therefore, this Complaint is timely filed.

21. Subject to final appraisal of the interests of MARQUETTE in the M/V WISCONSIN, whenever such final appraisal may be ordered by this Court on the application of any proper party of interest, MARQUETTE offers, for the Court's approval, an Ad Interim Stipulation and Letter of Undertaking, for the aggregate total of the value of the M/V WISCONSIN and its pending freight in the sum of Five Million Six Hundred Thousand Three Hundred Thirty-

Six Dollars and No Cents ($5,600,336.00), which shall be the maximum of any damages that may be recoverable by any and all claimants, if any, against MARQUETTE, plus interest at the rate of six percent (6%) per annum, as well as a Stipulation of Costs in the sum of $250.00 as security for costs, or such sum as ordered by the Court, as provided by Supplemental Admiralty Rule F(1).

**WHEREFORE**, Limitation Plaintiff, MARQUETTE TRANSPORTATION COMPANY, LLC, prays as follows:

A. That this Court enter an Order approving the Ad Interim Stipulation and Letter of Undertaking to be filed by Limitation Plaintiff for the value of Limitation Plaintiff's interest in the M/V WISCONSIN plus pending freight in the total amount of USD $5,600,336.00, plus interest at the rate of six percent (6%) per annum from the date of the filing of this Complaint, and costs in the amount of USD $250.00;

B. That pursuant to applicable rules and procedures governing limitation of liability actions, this Court enter an Order directing the issuance of a Notice and Monition to all persons possessing or claiming to possess a claim for any and all injuries, damages or other losses done, occasioned or incurred by, resulting from, arising out of, or attributable to the Incident, compelling them to appear before this Court and to file and make due proof of their respective claims and also to appear and answer the allegations of this Complaint, according to the law and practice of this Court at or before a certain time to be fixed in the Notice and Monition, or be forever barred and permanently enjoined from making and filing such claims;

C. That pursuant to applicable rules and procedures governing limitation of liability actions, this Court enter an Order enjoining or restraining the commencement or further prosecution of any and all claims, actions, suits and or legal proceedings of any kind, nature or character whatsoever, against Limitation Plaintiff, MARQUETTE TRANSPORTATION

COMPANY, LLC, its officers, agents, servants, employees and/or affiliated companies and their officers, agents, servants, and employees, or against the M/V WISCONSIN, occasioned or incurred by, resulting from, arising out of, or attributable to the Incident, except in this proceeding;

      D.      That this Court, after due hearing, determine that Limitation Plaintiff MARQUETTE TRANSPORTATION COMPANY, LLC and/or the M/V WISCONSIN, is fully exonerated and not liable to any person or entity for any injuries, damages, losses, or claims on any basis whatsoever in connection with the Incident;

      E.      That, in the alternative, should this Court determine that Limitation Plaintiff MARQUETTE TRANSPORTATION COMPANY, LLC and/or the M/V WISCONSIN is liable to any person, firm, corporation or entity to any extent on any basis, which liability is expressly denied, the Court then determine that Limitation Plaintiff MARQUETTE TRANSPORTATION COMPANY, LLC is entitled to limit its liability to the value of its interest in the M/V WISCONSIN and that a judgment be entered discharging Limitation Plaintiff MARQUETTE TRANSPORTATION COMPANY, LLC and the M/V WISCONSIN from any and all further liability whatsoever, occasioned or incurred by, resulting from, arising out of, or attributable to the Incident; and

      F.      That this Court grant such other relief as this Court deems proper.

RESPECTFULLY SUBMITTED, this 23rd day of September 2025.

                MILLER HAHN, PLLC

      By: /s/ Ryan A. Hahn
           Ryan A. Hahn, Esq.
           2660 West Park Drive, Suite 2
           Paducah, KY 42001
           Telephone: (270)-554-0051
           Email: rhahn@millerlaw-firm.com

**Attorney for Limitation Plaintiff,**
**Marquette Transportation Company, LLC**